ABRAHAM MULLER, Respondent, *v.* EDNA E. ACKERMAN, SADIE A. MOSES, WILLIAM FRIEDMAN, as Administrator with the Will Annexed of RUBY ACKERMAN, Also Known as RUBY ACKERMAN MULLER, Late of the County of Kings, Deceased, and LEOPOLD NEWBORG and FRANK J. C. WEINBERG, Copartners Doing Business under the Firm Name and Style of NEWBORG & Co., Appellants.

Second Department, February 26, 1937.

*Sylvanus D. Ward* [*Henry Schneider* with him on the brief], for the appellant Edna E. Ackerman.

*William Indursky* [*Henry Schneider* with him on the brief], for the appellants Sadie A. Moses and William Friedman, as administrator with the will annexed of Ruby Ackerman, also known as Ruby Ackerman Muller, deceased.

*Felix A. Fishman*, for the appellants Newborg and Weinberg.

*Herman S. Bachrach* [*Clarence G. Bachrach* and *Samuel S. Bisgyer* with him on the brief], for the respondent.

PER CURIAM. The action was brought to establish a joint venture by the plaintiff, his wife, Ruby Ackerman Muller, now deceased, and Edna E. Ackerman, in the purchase of stocks, bonds and other securities, to which contributions are alleged to have been made by the plaintiff, and the profits and losses of which were to be shared among the three, and for an accounting over a period of about eleven years by the two original parties and the administrator of plaintiff's wife, and by others, said to have diverted part of the funds, and also by members of the firm of Newborg & Co., the stockbrokers who handled many of the transactions. The trial court found that there was a joint venture whereby the three parties were to share equally in the profits and losses and that the plaintiff contributed funds to it and was entitled to an accounting. Those were the issues presented by the pleadings, although the evidence taken ran into other fields.

The matter was sent to an official referee to take and state the several accounts in the joint venture and to ascertain and state the rights, debits and credits of the respective parties in relation to the matters concerned in the respective accounts and to report to the court.

Certain findings made by the court are challenged by the appellants — in particular, findings thirteenth and twenty-fifth, as not being within the issues. Finding thirteenth determined the amount of the contributions of plaintiff and finding twenty-fifth stated that each and every transaction which took place with defendant Newborg & Co. in the names of certain parties was in fact the transaction of the said joint venture.

The interlocutory judgment, although not including the amounts of the contributions of plaintiff, did determine that all the purchases and sales of stock, bonds and other securities, on and after January 9, 1923, in particular names and with certain brokers, were transactions of the joint venture and not the individual transactions of the persons in whose names the accounts were maintained.

We think these findings and the provision in the judgment go too far. They were not within the issues and are not in all respects supported by proof. They present questions which must be determined by the official referee on the accounting. It is possible that during this period transactions might have been made by one or the other of the parties on his own account. These questions should, within reasonable limits, be left open to be determined by the official referee, having in mind that in certain respects they were controverted questions on the trial and have been the subject of judicial consideration, though not within the issues. Accordingly, the thirteenth finding of fact will be modified by striking out the total amount of plaintiff's alleged contributions and the particular items thereof, so that the finding will read " That certain sums of money were turned over by the plaintiff to Edna E. Ackerman for her account as contributions to the joint venture."

The twenty-fifth finding will be reversed and in lieu thereof this court will find that after January 9, 1923, during the period of the joint venture, there were transactions between Edna E. Ackerman and defendant Newborg & Co., made in different names and for the joint venture. Other questioned findings and conclusions of law are unimportant in view of these changes made and the terms of the judgment. Generally speaking, findings on matters not in issue are not conclusive on the parties.

The interlocutory judgment will be modified by striking out the second decretal paragraph and inserting in its place the following: " that certain purchases and sales of stocks, bonds or other securities, whether outright or on margin, on and after January 9, 1923, purchased in the names of different persons, were transactions of the joint venture for which the defendants are required to account." The defendants are not relieved from the duty of filing an itemized account, as directed in the fourth and fifth decretal paragraphs. When these accounts have been rendered and filed, with the objections thereof, it will be within the province of the official referee to determine and report as to the respective rights and obligations of the parties and the distribution of the assets and profits justly and equitably among the parties on findings to be made as directed by the judgment. Of course, defendants Edna E. Ackerman and Friedman, as administrator, are not required

to have an accounting and distribution as between themselves. It is a matter of their own choice. They are, however, required to account to the plaintiff. So likewise are the other defendants, not parties to the joint venture, required to account in so far as they have received or diverted property with knowledge or notice that it belonged to the joint venture or with such knowledge or notice concerning the interest of the particular parties in the transactions.

If the accounts provided in the judgment have not already been filed, then the time for the defendants to file such accounts, as provided in the judgment, is extended until fifteen days after the entry of the order hereon.

As modified in the respects heretofore indicated, the judgment will be affirmed, with costs to the respondent.

Present — LAZANSKY, P. J., CARSWELL, DAVIS, ADEL and TAYLOR, JJ.

Interlocutory judgment modified by striking out the second decretal paragraph and inserting in its place the following: " that certain purchases and sales of stocks, bonds or other securities, whether outright or on margin, on and after January 9, 1923, purchased in the names of different persons, were transactions of the joint venture for which the defendants are required to account." As so modified, the interlocutory judgment is unanimously affirmed, with costs to respondent. Finding of fact numbered thirteenth is modified by striking out the total amount of plaintiff's alleged contributions and the particular items thereof, so that the finding will read " That certain sums of money were turned over by the plaintiff to Edna E. Ackerman for her account as contributions to the joint venture." Finding numbered twenty-fifth is reversed, and in lieu thereof the court finds that after January 9, 1923, during the period of the joint venture, there were transactions between Edna E. Ackerman and defendant Newborg & Co., made in different names and for the joint venture. If the accounts provided in the judgment have not already been filed, then the time for the defendants to file such accounts, as provided in the judgment, is extended until fifteen days after the entry of the order hereon. Settle order on notice.